# IN RE CANDIDACIES OF SHARON L. SCARRELLA AND OTHERS.

221 N. W. 2d 562.

August 6, 1974—No. 45250.

PER CURIAM.

This is a proceeding under Minn. St. 203.38, subd. 1, to determine the eligibility of five individuals to have their names appear on the ballots for the primary and general elections to be held September 10, 1974, and November 5, 1974, as candidates for the office of associate justice of the Supreme Court of the State of Minnesota. Although each of the persons named as candidates filed with the secretary of state an affidavit of candidacy stating, "I am learned in the law *as defined by* * * * *law* * * *" (Italics supplied.), none has been or is entitled to be admitted to practice as an attorney at law in this state.

The case is controlled by In re Candidacy of Daly, 294 Minn. 351, 200 N. W. 2d 913, certiorari denied sub nom. Daly v. McCarthy, 409 U. S. 1041, 93 S. Ct. 528, 34 L. ed. 2d 491 (1972). There it is held that to be "learned in the law" within the meaning of Minn. Const. art. 6, § 7, fixing the qualifications for judges of the supreme court, means to be admitted or entitled to be admitted to practice as an attorney at law in the State of Minnesota. It follows that Sharon L. Scarrella, Richard W. Bullock, David Dotlich, Frank D. Bilotta, and Michael Paul

Mullin, none of whom is admitted or entitled to be admitted to practice law in the state of Minnesota, must be omitted from the ballots to be used at the primary election to be held on September 10, 1974, and the general election to be held on November 5, 1974.

It is further ordered that inasmuch as these filings were improperly accepted, the filing fee of each of the individuals affected should be returned. Amendment of the form of affidavit to be subscribed by persons seeking judicial office, specifying that to be "learned in the law" is to be admitted to practice in the courts of the State of Minnesota as a lawyer, should make resort to the courts in cases so clearly controlled by precedent as this one unnecessary.

MR. JUSTICE OTIS, MR. JUSTICE TODD, MR. JUSTICE MACLAUGH-LIN, MR. JUSTICE YETKA, and MR. JUSTICE SCOTT took no part in the consideration or decision of this case.